# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| JUSTIN R. BAILEY, | ) | |
| *Plaintiff*, | ) ) ) | Case No. _____ |
| v. | ) ) | |
| | ) | Removed from the Circuit Court |
| WACKER POLYSILICON NORTH AMERICA, LLC, | ) ) | of Bradley County, Tennessee Docket No. V-21-603 |
| | ) | |
| *Defendant*. | ) | |

## NOTICE OF REMOVAL

Defendant Wacker Polysilicon North America LLC ("WPNA"), in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Docket No. V-21-603, and all claims and causes of action asserted therein, from the Circuit Court for Bradley County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Southern Division, at Chattanooga. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff Justin R. Bailey and WPNA have complete diversity of citizenship, and the amount in controversy exceeds $75,000. In support, WPNA states as follows:

### I. THE STATE COURT ACTION

1. On November 12, 2021, Plaintiff commenced this action in the Circuit Court for Bradley County, Tennessee, by filing a complaint titled *Justin R. Bailey v. Wacker Polysilicon North America, LLC*, Docket No. V-21-603 (the "State Court Action").

2. True and correct copies of all process, pleadings, and orders in the State Court Action are attached to this notice as **Exhibit A**.

3. The complaint asserts claims for negligence and strict liability. Plaintiff seeks compensatory and punitive damages, expenses, and costs.

## II. TIMELINESS AND VENUE

4. WPNA was served with the complaint and a summons in the State Court Action on November 30, 2021.

5. This notice of removal is therefore timely filed within thirty days of service of process as required by 28 U.S.C. § 1446(b)(1).

6. This Court is the proper venue for removal under 28 U.S.C. §§ 1441 and 1446(a), because it is the federal district court and division that embraces the place where the original action was filed and is pending. Bradley County, Tennessee, is within the Southern Division of the Eastern District of Tennessee.

## III. SUBJECT-MATTER JURISDICTION

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

8. The complaint alleges that Plaintiff is a citizen of the State of Georgia. (**Ex. A**, Compl., ¶ 1.)

9. WPNA, a limited liability company, has the citizenship of its sole member, Wacker Chemical Corporation. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[L]imited liability companies have the citizenship of each partner or member." (internal quotation marks omitted)). Wacker Chemical Corporation is a corporation organized under the laws of the State of Delaware and has its principal place of business in the State of Michigan. Thus, WPNA is a citizen of Delaware and Michigan for diversity purposes.

2

10. Because Plaintiff is a citizen of Georgia, and because WPNA is a citizen of Delaware and Michigan, there is complete diversity among the parties as required under 28 U.S.C. §§ 1332(a) and 1441(b).

11. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Plaintiff requests compensatory damages in the amount of $1,000,000.00 and punitive damages in the amount of $2,000,000.00. (*See* **Ex. A**, Compl. at 18.)

## IV. NOTICE TO STATE COURT

12. In accordance with 28 U.S.C. § 1446(d), WPNA will promptly give written notice of the removal of this action to Plaintiffs and will file a copy of this notice with the Circuit Court for Bradley County, Tennessee, in the State Court Action.

13. Under 28 U.S.C. § 1446(a), WPNA has filed all documents, including process, pleadings, and orders, filed in the State Court Action. A true and correct index of the State Court Action's docket sheet is attached as **Exhibit B** to this notice.

## V. RESERVATION OF RIGHTS AND DEFENSES

14. WPNA maintains that Plaintiff's complaint is without merit. By filing this notice of removal, WPNA does not waive, and in fact expressly reserves, any and all rights and defenses available to it, including without limitation all defenses to the complaint.

15. WPNA expressly reserves the right to amend or supplement this notice of removal should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, WPNA removes this civil action to the United States District Court for the Eastern District of Tennessee, Southern Division, at Chattanooga.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: _s/Zachary H. Greene_
    Kyle W. Eiselstein, BPR No. 20727
    Zachary H. Greene, BPR No. 24451
    Alexis B. Crutchfield, BPR No. 38614
1200 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone (423) 756-6600
kyle.eiselstein@millermartin.com
zac.greene@millermartin.com
alexis.crutchfield@millermartin.com

*Counsel for Defendant*
*Wacker Polysilicon North America LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 16, 2021, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

                          Richard A. Schulman
                          Eric J. Oliver
                          Robert W. Wheeler
                          Patrick, Beard, Schulman & Jacoway, P.C.
                          Suite 300, Market Court
                          537 Market Street
                          Chattanooga, TN 37402
                          rschulman@pbsjlaw.com
                          eoliver@pbsjlaw.com
                          rwheeler@pbsjlaw.com

                          **MILLER & MARTIN PLLC**

      By: *s/Zachary H. Greene*